Lefkowith et ux., Appellants, *v.* Phila. R. T. Company.

Argued October 21, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Lester Bowman,* for appellants.

*Warwick Potter Scott,* and with him *John J. K. Caskie,* for appellee.

OPINION BY TREXLER, J., January 29, 1930:

Simon Lefkowith and wife brought suit to recover from the defendant, the Philadelphia Rapid Transit Company, for damages which were alleged to have been sustained as the result of a collision between a street car operated by the defendant company and the automobile in which the plaintiffs were riding. Lefkowith also brought a separate suit for the damages occasioned to the automobile and both cases were tried together by the court without a jury. A non-suit was entered in each case.

The testimony of the plaintiff, Lefkowith, as to how the accident happened was as follows: At approximately 8:15 on December 4, 1926, he and his wife drove down 16th Street, stopped at 16th and Olney Avenue, looked both ways and saw nothing, then turned left into the eastbound track on Olney Avenue and had gone approximately 20 feet or so from Sydenham Street when his automobile was struck in the rear by the street car. He was on the trolley tracks on Olney Avenue about a second or two, he did not know just how long it would take him to go half a square, but was going about ten or fifteen miles an hour. It was a clear night and there were arc lights on Olney Avenue. After he was struck, he said the trolley car was ten feet behind him on the track west of him. He had a clear view for a square. Under this evidence, we do not see how the plaintiff has proven any negligence on the part of the motorman. Plaintiff's narrative leaves the whole matter to conjecture.

The testimony of his wife does not throw any light upon the subject. We have no testimony as to speed of the trolley car. It was absolutely impossible that it could have been out of sight when the plaintiffs entered the track and could have struck them two seconds afterward.

The only other question raised is to the refusal of the court to allow plaintiff's attorney to recall the plaintiff. This is not argued in plaintiff's brief. We cannot accuse the court of lack of discretion in refusing it, for the plaintiff submitted no proposition of proof disclosing his purpose in making the request.

The judgment is affirmed.